O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCEL HUTCHERSON,<br><br>             Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>             Respondent. | Case No. CV 15-05259-KES<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Francel Hutcherson ("Plaintiff") appeals the final decision of the Administrative Law Judge ("ALJ") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). For the reasons discussed below, the Court concludes that the ALJ gave a clear and convincing reason for discounting Plaintiff's credibility. The ALJ's decision is therefore AFFIRMED.

## I.

## BACKGROUND

On September 11, 2012, Plaintiff filed an application for SSI and DIB, alleging disability beginning on October 19, 2010. Administrative Record

("AR") 140-49. On October 10, 2013, an ALJ conducted a hearing, at which Plaintiff, who was represented by counsel, appeared and testified. AR 23-42.

On November 26, 2013, the ALJ issued a written decision denying Plaintiff's request for benefits. AR 7-21. The ALJ found that Plaintiff had the severe impairments of carpal tunnel syndrome and spondylosis of the cervical and lumbar spinal areas.[1] AR 12. Notwithstanding her impairments, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform "light work" with the following additional exertional limitations: lift or carry 10 pounds frequently and 20 pounds occasionally; stand or walk for 6 hours of an eight-hour workday; sit for 6 hours of an eight-hour workday; and no more than frequent handling or fingering. AR 13.

Based on the testimony of a Vocational Expert, the ALJ found that Plaintiff could not perform her past relevant work as a nurse's assistant at a convalescent hospital. AR 17. She could, however, perform the jobs of companion, cashier, house cleaner and parking lot attendant. AR 18. The ALJ thus found Plaintiff was not disabled. Id.

/ / /

/ / /

---

[1] According to www.mayoclinic.org, "Cervical spondylosis is a general term for age-related wear and tear affecting the spinal disks in your neck. As the disks dehydrate and shrink, signs of osteoarthritis develop, including bony projections along the edges of bones (bone spurs). Cervical spondylosis is very common and worsens with age. More than 85 percent of people older than age 60 are affected by cervical spondylosis. Most people experience no symptoms from these problems." According to www.laserspineinstitute.com, "Lumbar spondylosis is a spine condition that describes the natural deterioration of the lower spine due to age and compression. … Most patients over the age of 50 have some form of mild to progressive spondylosis in the lumbar spine. However, most cases of spondylosis do not result in any symptoms."

## II.
## ISSUES PRESENTED

The parties dispute only one issue: whether the ALJ erred in discrediting Plaintiff's testimony regarding the disabling severity of her pain. See Dkt. 21, Joint Stipulation ("JS") 4.

## III.
## DISCUSSION

### A. The ALJ Gave a Clear and Convincing Reason for Discounting Plaintiff's Credibility.

#### 1. Applicable Law.

An ALJ's assessment of symptom severity and claimant credibility is entitled to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). "[T]he ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted).

In evaluating a claimant's subjective symptom testimony, the ALJ engages in a two-step analysis. See Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment [that] could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter, 504 F.3d at 1036. If so, the ALJ may not reject a claimant's testimony "simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged." Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, if the claimant meets the first test, the ALJ may discredit the

claimant's subjective symptom testimony only if he makes specific findings that support the conclusion.  Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010).  Absent a finding or affirmative evidence of malingering, the ALJ must provide at least one "clear and convincing" reason for rejecting the claimant's testimony.  Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Ghanim v. Colvin, 763 F.3d 1154, 1163 & n.9 (9th Cir. 2014).  The ALJ may consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities.  Smolen, 80 F.3d at 1283-84 & n.8.  "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."  Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

   The ALJ may also use ordinary techniques of credibility evaluation, such as considering the claimant's reputation for lying and inconsistencies in her statements or between her statements and her conduct.  Smolen, 80 F.3d at 1284; Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (Claimant's inconsistent statements about her prior drug use revealed a "lack of candor" that "carries over to her description of physical pain."); Alonzo v. Colvin, 2015 U.S. Dist. LEXIS 122298 at *50 (E.D. Cal. Sept. 11, 2015) (one inconsistent statement "comprised a clear and convincing reason to discount Plaintiff's credibility").

   For example, an ALJ may consider the fact that a claimant stopped working for reasons other than disability in assessing credibility.  Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (upholding adverse credibility determination where claimant stated "at the administrative hearing and to at least one of his doctors that he left his job because he was laid off, rather than because he was injured"); Holland v. Colvin, 2015 U.S. Dist. LEXIS 63601 at

*30 (E.D. Cal. May 13, 2015) (ALJ did not err in discounting the credibility of a claimant who testified he was laid off because pain caused excessive absenteeism but who told others he was laid off due to the slow economy). Similarly, an ALJ can consider whether the claimant applied for unemployment benefits while claiming to be disabled, because to receive unemployment benefits, claimants hold themselves out as capable of full-time work.  Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161-1162 (9th Cir. 2008) ("receipt of unemployment benefits can undermine a claimant's alleged inability to work full-time") citing Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988).

**2. Background.**

Following the two-step process outlined above, the ALJ found as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

AR 14.

The ALJ then gave four reasons for discounting Plaintiff's credibility: (1) Plaintiff's conservative treatment was inconsistent with the alleged severity of her symptoms; (2) Plaintiff's occasional failure to comply with the prescribed course of treatment was also inconsistent with the alleged severity of her symptoms; (3) the objective medical evidence did not support the alleged severity of her symptoms; and (4) Plaintiff gave inconsistent explanations concerning why she stopped working.  AR 14-15.

With regard to the ALJ's fourth and final reason, Plaintiff completed an

Adult Disability Report.  AR 166-173.  In that report, in response to the question "Why did you stop working?" Plaintiff answered, "Because of my condition(s)."  AR 167.  In her application for DIB, Plaintiff stated, "I became unable to work because of my disabling condition on October 19, 2010."  AR 140.  That form also noted, "You declared under penalty of perjury that you examined all the information on this form and it is true and correct to the best of your knowledge."  AR 142.  Her application for SSI says, "I am disabled. The disability began on October 19, 2010."  AR 144.

At the hearing, Plaintiff testified that she stopped working on October 19, 2010, because she was terminated, not because she was disabled, as follows:

> Q: [W]hat was the last day that you worked?
> A: It was October 19, 2010.
> Q. [W]hat was the reason that you stopped?
> A: I was terminated.
> Q. [W]hat was the reason they gave you for termination?
> A: A misunderstanding with the director of nurses.
> Q: [W]hat was the misunderstanding?
> A: She thought I went to lunch twice, and I didn't.  But he told me to go home.

AR 27.

Plaintiff also testified that after her termination, she looked for nursing jobs involving the "same kind of work" that she had been doing.  AR 30.  Her prior work required exertion exceeding her RFC, because it involved lifting and moving patients.  AR 39.  She obtained "a few interviews," but no job offers.  Id.  Plaintiff admitted that immediately after her termination, she would have been able to work, and it was only after engaging in an unsuccessful job search that her pain became disabling, as follows:

|   |   |   |
|---|---|---|
| Q: | | [D]uring the time that you were looking for work, would you have been able to do the work? |
| A: | | Yeah, at the time I did. But I was doing a lot of walking, and it started making my back hurt more and more and more. So the more I looked for work, the more pain I was in. |

AR 31. Plaintiff's unemployment benefits ended in June 2012. Id. She applied for DIB and SSI in September 2012. AR 140, 144.

### 3. Analysis.

Per the evidence cited above, the ALJ's determination that Plaintiff gave inconsistent statements about the reason she left her last job and the date when her pain first became disabling is supported by substantial evidence. By citing these inconsistent statements, the ALJ provided a clear and convincing reason for discounting Plaintiff's credibility. Had this been the only reason given, it would still have been sufficient to support an adverse credibility determination. Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (An "ALJ's finding that a claimant generally lacked credibility is a permissible basis to reject excess pain testimony."); see also Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) ("If a claimant … is found to have been less than candid in other aspects of his testimony, that may properly be taken into account in determining whether his claim of disabling pain should be believed."). The Court, therefore, declines to analyze Plaintiff's other allegations of error.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: May 17, 2016

_Karen E. Scott_
KAREN E. SCOTT
United States Magistrate Judge